# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**UNITED STATES OF AMERICA**
   **Plaintiff,**

  **v.**              **Case No. 06-CR-336**

**SAL URIBE**
   **Defendant.**

## SENTENCING MEMORANDUM

  Defendant Sal Uribe pleaded guilty to conspiracy to distribute cocaine, contrary to 21 U.S.C. §§ 841(a)(1) & (b)(1)(C) and 846, and I set the case for sentencing. In imposing sentence, I first calculate the advisory sentencing guideline range, then, to ascertain the actual sentence, apply the criteria set forth in 18 U.S.C. § 3553(a) to the facts and circumstances of the defendant's particular case. E.g., United States v. Bush, 523 F.3d 727, 729 (7th Cir. 2008).

  Defendant's pre-sentence report ("PSR") set a base offense level of 18, U.S.S.G. § 2D1.1(c)(11), then subtracted 3 levels for acceptance of responsibility, § 3E1.1, for a final level of 15. Coupled with his criminal history category of II, the PSR recommended an imprisonment range of 21-27 months under the guidelines. I found these calculations correct and adopted them without objection.

  Defendant requested a sentence of probation under § 3553(a), while the government advocated a sentence at the low end of the guideline range. Upon consideration of the arguments of counsel, I imposed a sentence of 12 months and 1 day in prison. This memorandum sets forth the reasons.

## I. SECTION 3553(a) FACTORS

The sentencing court must consider the seven factors set forth in § 3553(a):

(1) the nature and circumstances of the offense and the history and characteristics of the defendant;

(2) the need for the sentence imposed–

(A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;

(B) to afford adequate deterrence to criminal conduct;

(C) to protect the public from further crimes of the defendant; and

(D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;

(3) the kinds of sentences available;

(4) the advisory guideline range;

(5) any pertinent policy statements issued by the Sentencing Commission;

(6) the need to avoid unwarranted sentence disparities; and

(7) the need to provide restitution to any victims of the offense.

18 U.S.C. § 3553(a).

After considering these factors, the court must impose a sentence that is sufficient but not greater than necessary to satisfy the purposes of sentencing set forth in § 3553(a)(2). The district court must give respectful consideration to the guidelines in making this determination, Gall v. United States, 128 S. Ct. 586, 594 (2007), but it may not presume that the guideline sentence is the correct one, Rita v. United States, 127 S. Ct. 2456, 2465 (2007). Rather, it is the statute's "parsimony provision" which represents the "overarching" command of the statute. Kimbrough v. United States, 128 S. Ct. 558, 570 (2007).

## II. DISCUSSION

### A. Nature of Offense

This prosecution arose out of the government's investigation of a large-scale cocaine distribution organization in the Waukesha, Wisconsin area, which included several wiretaps. Pursuant to its investigation, the government learned that defendant obtained cocaine from Javier Aguilera, one of the main participants in the conspiracy. The government intercepted about twenty-six drug-related calls between the two, which revealed that defendant purchased multi-ounce quantities of cocaine from Aguilera and also obtained cocaine from another conspirator, Juan Flores-Bobadilla, to whom Aguilera directed him. On occasion, at Aguilera's request, defendant supplied other customers. The parties agreed that defendant should be held responsible for 100 to 200 grams of cocaine.

### B. Character of Defendant

Defendant was twenty-nine years old, with a bit of a record: several juvenile adjudications between ages thirteen and fifteen; a battery case at age sixteen, for which he was waived into adult court; a possession of drug paraphernalia case at age eighteen and for which he served 30 days in jail; a municipal resisting an officer case at age twenty-one; and a first offense drunk driving case at age twenty-six. The PSR also reported several un-scored traffic matters, including operating after revocation cases.

Defendant appeared to have had a decent childhood, but he started getting in trouble in his teens, which continued into early adulthood. However, he seemed to be doing better in recent years and particularly since his arrest in this case in January 2007. He married in 2003, and he and his wife appeared to have a great relationship. They shared three children, ages

3

five, four and seven months. Defendant's wife spoke highly of him at sentencing. Defendant admitted some past use of controlled substances, but he did not appear to have a significant drug problem and all of his screens on pre-trial release were negative. Although defendant graduated high school and took some classes at Waukesha County Technical College ("WCTC"), until recently his employment record had been pretty spotty. However, defendant obtained a job with La Casa de Esperanza as a field worker in July 2007 and seemed to be doing quite well there.

**C.     Guidelines and Purposes of Sentencing**

The guidelines called for a term of 21-27 months, but defendant argued that his family ties and recent good conduct warranted a sentence of probation. I have the discretion to impose a probationary sentence even when the guidelines call for prison, see Gall, 128 S. Ct. at 602; see also 18 U.S.C. § 3553(a)(3) (requiring the court to consider the types of sentences available), but in this case I concluded that while a below-range sentence was warranted, a sentence with no custodial component was insufficient to satisfy the purposes of sentencing.

Defendant focused on his family situation and post-offense conduct as a basis for leniency. I accepted that he had a close relationship with his nuclear family and his wife, and that their support would assist him in re-integrating into the community. But his family ties had not kept him out of trouble thus far. As discussed, his troubles with the law started in 1992 at age thirteen; he picked up more convictions and/or adjudications through 1998, and then two ordinance violations in 2000 and 2006; he committed this offense in 2005 and 2006. This history did not suggest that he could conform his conduct to the requirements of the law for an extended period. I also agreed that he had been doing well the past year and a half, working and remaining drug-free. But I did not see a sufficient demonstration of post-offense

4

rehabilitation to justify a sentence of straight probation. Nor did I believe that his family ties were sufficient to justify such a sentence. A below-guideline sentence, yes, but not one served entirely in the community.

Defendant also asked for a departure from criminal history category II to category I, noting that the 2 criminal history points he received stemmed from a civil drunk driving case and a ten year old drug paraphernalia case. See U.S.S.G. § 4A1.3(b) & cmt. n.3. However, as discussed above, defendant's record also included multiple juvenile contacts, a battery conviction, and a resisting ordinance, none of which scored under U.S.S.G. § 4A1.2, but which I did take into account in considering this argument. Given all of these contacts, I concluded that category II did not overstate the severity of defendant's record or his risk of re-offending. He was not someone properly considered as on par with a category I offender, not with all of these prior contacts.

I did give some weight to defendant's argument that he had been doing well for the past year and a half – maintaining consistent employment and abstaining from drug use. Given his history, these were steps in the right direction. I reviewed the materials defendant submitted, including the letters from his employer indicating that he was a dependable and responsible employee, and worked at their annual fund-raiser, and the letter from his mother-in-law attesting to his qualities as a husband and father. I had no reason to doubt the sentiments the letters expressed.

Under all of the circumstances, I found a sentence of 12 months and 1 day sufficient but not greater than necessary. This below-range sentence was sufficient to provide just punishment given the modest drug weight attributable to this defendant, the absence of any aggravation by violence or weapon possession, and the fact that he acted primarily at the

5

direction of Javier Aguilera in dealing to others. Because the sentence still included a significant period of custody, it sufficiently addressed the seriousness of this type of conduct and the harm it causes the community. See 18 U.S.C. § 3553(a)(2)(A).

Defendant's previous sentences of probation, short jail stints or fines did not deter him from this conduct, so I concluded that some imprisonment was necessary for deterrence, but because he had never been to prison before, a term below the range sufficed to deter him from re-offending. See 18 U.S.C. § 3553(a)(2)(B). Defendant's record suggested some risk of recidivism, but given his recent good conduct this below-range prison sentence was also sufficient to protect the public. See 18 U.S.C. § 3553(a)(2)(C).

## III. CONCLUSION

Therefore, I committed defendant to the custody of the Bureau of Prisons for 12 months and 1 day. This sentence varied modestly from the guidelines, and because it was supported by the particular facts discussed herein it created no unwarranted disparity. See 18 U.S.C. § 3553(a)(6). Upon release, I ordered defendant to serve three years of supervised release, the conditions of which appear in the judgment.

Dated at Milwaukee, Wisconsin, this 15th day of October, 2008.

/s Lynn Adelman
_____
LYNN ADELMAN
District Judge